## (February 13, 1968)

■ In the Matter of IRVING COHEN, an Attorney, Respondent. BAR ASSOCIATION OF NASSAU COUNTY, N. Y., INC., Petitioner. (Two Proceedings.) — Respondent in both of these proceedings to discipline him was admitted to the Bar by this court on June 25, 1952. The proceedings were commenced in June of 1964 and August of 1966, respectively. Each proceeding was separately referred to Mr. Justice L. Kingsley Smith, a Justice of the Supreme Court, shortly after its commencement, for hearing and report (see orders dated June 24, 1964 and September 28, 1966). After such report in the first proceeding was submitted to this court, dated April 28, 1965 (favorable to respondent), respondent made a motion to confirm the report. However, in the meantime new charges had been made against him, the three charges set forth in the petition in the second proceeding; and determination of that motion has been held in abeyance. After the commencement of the second proceeding, respondent moved to dismiss the first charge therein and petitioner cross-moved to amend that charge; by order dated June 5, 1967 respondent's motion was held in abeyance pending determination of a certain criminal action which involved the facts of that charge, the cross motion was granted, and direction was given that Judge Smith file his report as to the second and third charges in the second proceeding. Thereafter, such report, dated August 7, 1967 (unfavorable to respondent), was submitted to this court, following which petitioner moved to confirm the report and for imposition of discipline. Although respondent's counsel submitted an opposing affidavit, respondent nevertheless submitted to this court a separate paper, executed by him on September 19, 1967, which states that he thereby resigns as an attorney and counselor at law and con-

sents that an order be made removing him from such office and striking his name from the roll of attorneys; and the opposing affidavit states that, if the charges not be dismissed and if the punishment to be imposed be not less than disbarment, respondent should be allowed to resign from the Bar rather than be disbarred. Judge Smith's findings in his report in the second proceeding are: (Second Charge): Upon respondent's request, various of his checks were cashed by one of his clients, some of which were dishonored because of insufficient funds, particularly one for $500 dated August 7, 1962 and another for $625 dated October 31, 1962; the amounts of those two checks have never been paid; and this constituted fraud, professional misconduct and moral turpitude. (Third Charge): Respondent neglected to prosecute the claims of certain clients (husband and wife) arising out of an accident, including failure to commence and prosecute an action for them, with the result that the claims became barred by the Statute of Limitations; failed to keep these clients informed of the status of their claims and to respond to their inquiries; failed to arrange to procure a medical report from the treating physician; and improperly had these clients sign a blank retainer. Were we to confirm this report and hold that respondent was guilty as found by the reporting Justice, respondent's disbarment would be warranted. However, we accept respondent's resignation from the Bar and therefore shall not pass upon the motion to confirm the report in the second proceeding. Accordingly, the first proceeding and respondent's motion to dismiss the first charge in the second proceeding are now dismissed, as academic. Upon respondent's resignation, his name is ordered removed from the roll of attorneys and counselors at law, effective forthwith. Beldock, P. J., Brennan, Rabin, Hopkins and Benjamin, JJ., concur